IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION



United States Courts
Southern District of Texas
FILED
APR 2 5 2002
Michael N. Milby, Clerk

SATOS GALVAN-YBARRA

V.                                CIVIL ACTION NO: B-02-05
                                  CRM. NO: B-01-130-1

UNITED STATES OF AMERICA


## OBJECTION TO MAGISTRATE'S JUDGES
## REPORT AND RECOMMENDATION


TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, SANTOS GALVAN-YBARRA, hereafter referred to as Defendant in the above captioned and numbered case and respectfully objects to the Magistrate Judge's report and recommendation and in support thereof, Defendant would show as follows:

I

On April 10, 2002, said report and recommendation, which urges that the Court deny Defendant's 2255 motion as being frivolous, was entered by the Clerk, and since this objection is filed on April 19, 2002, said objection is being timely filed.

II

Defendant objects inasmuch as he averts that he is a victim of ineffective assistance of counsel when said counsel failed to explore the possibility of a favorable plea bargain, but instead, urged Defendant to enter a guilty plea without any sort of agreement from the Government.

From the outset, Defendant readily cooperated with the arresting agents by voluntarily providing said authorities with the relevant facts of Defendant's case with the hope that said Defendant's ploy could lead to a reward in the form of a recommendation by the Government for a lenient sentence. At the very first encounter with Defendant's counsel, Defendant explained to said counsel the extent of Defendant's cooperation and, Defendant advised counsel that he was cognizant of the fact that he had absolutely no defense and that counsel should immediately embark upon negotiation for a lenient sentence. Counsel instead stated that he preferred not to engage in any negotiation with the Government until after the grand jury had returned an indictment against Defendant. Defendant's counsel did just that and waited until after Defendant had been indicted before making a futile attempt to plea bargain.

Defendant submits that had his counsel spare the Government the burden of obtaining an indictment, it could have been more inclined to the idea of a favorable plea agreement.

## CONCLUSION

Defendant contends that he was denied a reasonable effective assistance of counsel, therefore, his conviction aand sentence should be set aside.

Respectfully Submitted,

*Santos Galvan*

Santos Galvan-Ybarra, 74804-079

RCDC II, Box 285

P. O. Box 1560

Pecos, Tx. 79772

April 19, 2002

## CERTIFICATE OF SERVICE

I, **SANTOS GALVAN-YBARRA**, Defendant herein, hereby certify that a copy of Defendant's Objection to Magistrate Judge's Report and Recommendation was deposited into the U.S. mail after the same had been addressed to Office of the U.S. Attorney, 910 Travis, Suite 1500, P. O. Box 61129, Houston, Tx. 77208.

*Santos Galvan*

Santos Galvan-Ybarra

3.

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION



SATOS GALVAN-YBARRA

V.                                 CIVIL ACTION NO: B-02-05
                                  CRM. NO: B-01-130-1

UNITED STATES OF AMERICA

## OBJECTION TO MAGISTRATE'S JUDGES
## REPORT AND RECOMMENDATION

TO THE HONORABLE JUDGE OF SAID COURT:

    **COMES NOW, SANTOS GALVAN-YBARRA,** hereafter referred to as Defendant in the above captioned and numbered case and respectfully objects to the Magistrate Judge's report and recommendation and in support thereof, Defendant would show as follows:

I

    On April 10, 2002, said report and recommendation, which urges that the Court deny Defendant's 2255 motion as being frivolous, was entered by the Clerk, and since this objection is filed on April 19, 2002, said objection is being timely filed.

## II

Defendant objects inasmuch as he averts that he is a victim of ineffective assistance of counsel when said counsel failed to explore the possibility of a favorable plea bargain, but instead, urged Defendant to enter a guilty plea without any sort of agreement from the Government.

From the outset, Defendant readily cooperated with the arresting agents by voluntarily providing said authorities with the relevant facts of Defendant's case with the hope that said Defendant's ploy could lead to a reward in the form of a recommendation by the Government for a lenient sentence. At the very first encounter with Defendant's counsel, Defendant explained to said counsel the extent of Defendant's cooperation and, Defendant advised counsel that he was cognizant of the fact that he had absolutely no defense and that counsel should immediately embark upon negotiation for a lenient sentence. Counsel instead stated that he preferred not to engage in any negotiation with the Government until after the grand jury had returned an indictment against Defendant. Defendant's counsel did just that and waited until after Defendant had been indicted before making a futile attempt to plea bargain.

Defendant submits that had his counsel spare the Government the burden of obtaining an indictment, it could have been more inclined to the idea of a favorable plea agreement.

2.

## CONCLUSION

Defendant contends that he was denied a reasonable effective assistance of counsel, therefore, his conviction aand sentence should be set aside.

Respectfully Submitted,

*Santos Galvan*

Santos Galvan-Ybarra, 74804-079

RCDC II, Box 285

P. O. Box 1560

Pecos, Tx. 79772

April 19, 2002

## CERTIFICATE OF SERVICE

I, **SANTOS GALVAN-YBARRA**, Defendant herein, hereby certify that a copy of Defendant's Objection to Magistrate Judge's Report and Recommendation was deposited into the U.S. mail after the same had been addressed to Office of the U.S. Attorney, 910 Travis, Suite 1500, P. O. Box 61129, Houston, Tx. 77208.

*Santos Galvan*

Santos Galvan-Ybarra

3.